IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  **v.**                                                **CRIMINAL NO. 1:20-CR-45-4**
                                                                                **(KLEEH)**

**JEREMY MOSER,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR COMPASSIONATE RELEASE [ECF NO. 513]**

Pending before the Court is Defendant's motion for compassionate release [ECF No. 513]. For the reasons discussed below, the motion is **DENIED**.

## I. BACKGROUND

On September 1, 2020, the grand jury returned an indictment against Defendant Jeremy Moser ("Defendant") and others, charging Defendant in Count One with Conspiracy to Distribute More Than Fifty Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B); in Counts Eleven, Twelve, Thirteen and Nineteen with Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and in Count Twenty-One with Unlawful Possession of Firearm as Drug User, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). See ECF No. 1. On July 16, 2021, Defendant entered a plea of guilty to Count One. See ECF No. 354. On January 24, 2022, the Court sentenced him to 97 months

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 513]**

of incarceration, to be followed by 4 years of supervised release. See ECF No. 447. The Court varied downward in imposing the sentence; the applicable guideline range called for 121 to 151 months of incarceration.

## II.  DISCUSSION

In Defendant's motion for compassionate release, he argues that extraordinary and compelling reasons justify his compassionate release because his father is in great need of Defendant's assistance due to his failing health. Further, Defendant argues that the originally imposed sentence was more than what was necessary to satisfy the section 3553(a) factors.

The district court is authorized to reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Upon receiving a motion for compassionate release, the district court

> may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Id.

Prior to the First Step Act of 2018 (the "First Step Act"), "district courts could only reduce a term of imprisonment under

2

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 513]**

§ 3582(c)(1)(A) 'upon motion of the Director of the Bureau of Prisons.'" United States v. Kibble, 992 F.3d 326, 329–30 (4th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A) (2002)). In the First Step Act, Congress allowed federal inmates to file motions for compassionate release directly with the district court after they have exhausted their administrative remedies. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

A defendant filing a motion for compassionate release must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must be a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is non-jurisdictional "and thus waived if it is not timely raised." United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021) (citation omitted) (finding the district court in error by sua sponte dismissing a motion for compassionate release based on the threshold requirement).[1]

In assessing a motion for compassionate release, the Court undertakes a two-step analysis. "First, the court must determine that the prisoner is eligible for a sentence reduction because he

---

[1] The Government has waived the exhaustion requirement here. See Resp., ECF No. 518, at 1.

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 513]**

has shown 'extraordinary and compelling reasons' for release." United States v. Centeno-Morales, 90 F.4th 274, 279 (4th Cir. 2024) (citing United States v. Hargrove, 30 F.4th 189, 194–95 (4th Cir. 2022)).  Then, if an extraordinary and compelling reason exists, the Court evaluates the relevant factors under 18 U.S.C. § 3553(a). See Centeno-Morales, 90 F.4th at 279.

    A.    **Extraordinary and Compelling Circumstances**

In 2023, the United States Sentencing Commission amended its policy statement to apply to defendant-filed motions and expanded the list of circumstances sufficient to support such a motion. See U.S.S.G. § 1B1.13.  The enumerated circumstances set forth in the Sentencing Guidelines relate to medical circumstances of the defendant, age of the defendant, family circumstances of the defendant, whether the defendant is a victim of abuse while in custody, and the imposition of an unusually long sentence. See id.  Here, Defendant focuses on one argument warranting his compassionate release: the need to care for his ailing father. The Sentencing Guidelines provide that extraordinary and compelling circumstances exist with respect to "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." Id. § 1B1.13(b)(3)(C).

Defendant states that his father, Richard Moser, is a 75-

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 513]**

year-old disabled and retired veteran who resides in Clarksburg, West Virginia. Defendant and his father have a very close relationship. His father has been experiencing significant medical problems, and Defendant states that he is the only person who can assist his father in getting proper and necessary medical treatment. His father has squamous cell carcinoma and basal cell carcinoma present on and in large portions of his body. He has undergone multiple surgical removals and is participating in several rounds of daily radiation treatments. His father is currently driving himself to appointments, surgeries, and treatments. He is also caring for himself following discharge from medical care. Defendant argues that he (Defendant) is the only available family or friend who can adequately care for his father's medical and person needs. He asserts that unless he is released to provide transportation and care for his ailing father, his father "will likely not get the medical care and treatment necessary to keep him alive."

    In response, the Government argues that Defendant has failed to establish that he is the only person who can care for his ailing father. The Government points out Defendant's acknowledgment that to date, his father has been caring for himself and driving himself to appointments, surgeries, and treatment locations. The Government argues that Defendant has failed to establish that his

father is incapable of self-care or that other agencies (such as the Veterans Administration) or individuals are unable to help. The Court agrees and finds that Defendant has not established that he is the only person who can take care of his ailing father. See Centeno-Morales, 90 F.4th at 282 (affirming district court denial of compassionate release in part because defendant failed to explain why he was the best or only option to care for his son after the death of the defendant's wife). Accordingly, the Court agrees with the Government that Defendant has not shown that extraordinary and compelling circumstances exist.

**B.   Section 3553(a) Factors**

The Section 3553(a) factors include, among others, the "nature and circumstances of the offense," "the history and characteristics of the defendant," and "the need for the sentence imposed--

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with ... medical care, or other correctional treatment in the most effective manner."

18 U.S.C. § 3553(a).  This Court has "broad discretion" in

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 513]**

evaluating the section 3553(a) factors when ruling on a motion for compassionate release. United States v. Bethea, 54 F.4th 826, 834 (4th Cir. 2022).

Defendant has now served approximately 44 months of his 97-month sentence. He is 45 years old, and he does not have a violent criminal history. Defendant asserts that he has a strong connection to the community, a positive employment history, and no history of disciplinary infractions while in custody of the BOP. With good time credit, he anticipates a release date of March 13, 2028. Prior to the sentence he is currently serving, Defendant had not served a custodial sentence of any kind. Defendant argues that the time he has served is sufficient but not greater than necessary to satisfy the purposes of sentencing. He further argues that the original sentence did not address the disparate treatment under the guidelines or "ice" versus "mixture" methamphetamine.

In response, the Government argues that the section 3553(a) factors militate against Defendant's early release. The offense conduct in this case involves five instances in 2018 when Defendant distributed methamphetamine to a confidential informant in Harrison County, West Virginia. During one controlled buy at Defendant's home, Defendant and a co-defendant possessed firearms while weighing and packaging methamphetamine for redistribution. The parties stipulated that the drug relevant conduct totaled at

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 513]**

least 1.5 kilograms but less than 5 kilograms of a mixture and substance containing methamphetamine (or at least 150 grams but less than 500 grams of crystal methamphetamine). The Government also argues that Defendant has a long history of substance abuse, and abruptly releasing him back to the community where he used and distributed drugs would be inadvisable.

Relatedly, the Government refutes Defendant's argument that the original sentence did not address the disparate treatment between crystal methamphetamine and less pure forms of the drug. The Government argues that Defendant did not exclusively distribute pure methamphetamine; in fact, "impure" methamphetamine mixtures constitute most of his relative conduct. Therefore, the disparate treatment argument does not apply here. Moreover, the Government argues, any allegedly improper guideline disparity was substantially mitigated by the court's variant sentence.

Finally, the Government argues that Defendant has served only a fraction of his prison sentence. Despite a guideline range of 121 to 151 months of incarceration, the Court imposed a variant sentence of 97 months of incarceration, followed by 4 years of supervised release. He has not yet served half of his variant sentence.

The Court finds the Government's arguments compelling. Even if Defendant had established extraordinary and compelling

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR COMPASSIONATE RELEASE [ECF NO. 513]**

circumstances, the section 3553(a) factors weigh against his release. The offense conduct in this case is serious and disturbing. Defendant was involved in the distribution of a large amount of methamphetamine, and a firearm was involved. Defendant received the benefit of a substantial variance at sentencing, and he has not yet served half of his variant sentence. Additional time in prison is needed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter Defendant and others from committing criminal conduct, and protect the public from Defendant's conduct.

### III. CONCLUSION

For the reasons discussed, the motion for compassionate release is **DENIED** [ECF No. 513]. The request for a status update is **DENIED AS MOOT** [ECF No. 544].

It is so **ORDERED.**

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record and to Defendant by certified mail, return receipt requested.

DATED: October 20, 2025

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA